815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edna E. NUCKOLLS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5473.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1987.
 
 Before LIVELY, Chief Judge, WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Nuckolls appeals from the decision of the district court affirming the Secretary's denial of disability benefits.
 
 
 2
 * Appellant Nuckolls filed an application for disability insurance benefits on September 12, 1984 She alleged a disability onset date of August 3, 1983. The Secretary denied her request initially and upon reconsideration. She requested an administrative hearing and a hearing was held on March 7, 1985.
 
 
 3
 On March 14, 1985, the Administrative Law Judge (ALJ) issued an opinion denying benefits. The ALJ denied benefits because he believed that appellant could perform her past relevant work, which was sedentary in nature. The Appeals Council denied her request for review on August 14, 1985. Nuckolls appealed this final decision of the Secretary to the United States District Court for the Eastern District of Tennessee. On April 9, 1986, the district court affirmed the Secretary's denial of benefits. Claimant filed this timely appeal.
 
 
 4
 Appellant was born on October 25, 1927, making her 57 years of age on the date of hearing. Appellant had an eleventh grade education and had work experience as a salesclerk, a loan. officer for a mortgage company and a bookkeeper. She testified that as a loan officer she was required to sit about five hours a day and stand and walk about three hours. In her application for disability benefits appellant claimed disability due to a myocardial infarction, accelerated hypertension, and 1ower lumbar back problems with a left sciatic nerve problem. Each of these alleged impairments will be discussed separately.
 
 
 5
 At the administrative hearing, appellant testified that she does no housework because it causes her too much pain, although she can do light cooking with her leg propped up on a stool. She claims that she cannot bend at all. Appellant wears a TNS unit which she even uses for outings to the grocery store or to the mailbox. She testified that she can stand up to an hour. She claims she is able to sit in a chair for 45 minutes, but if appellant takes a mild pain medication, she can sit slightly longer. She has suffered from back problems for several years but she alleges that it has recently become worse.
 
 
 6
 On August 3, 1983, appellant had a myocardial infarction. Appellant was hospitalized for this condition until August 17, 1983. The diagnosis was made by appellant's treating physician Dr. Strickland. On September 23, 1983, Dr. Strickland determined that there was evidence of healing. By November 4, 1983, the appellant was having no angina or shortness of breath. Upon the instructions of her doctor, appellant had been walking regularly for rehabilitation purposes. An EKG taken on February 9, 1984, evidenced a healed inferior infarction.
 
 
 7
 On August 9, 1984, approximately one year after her myocardial infarction, Dr. Strickland performed a complete physical examination of appellant. The examination revealed no murmurs, rubs, gallops or clicks. On January 4, 1985, Dr Strickland reported that appellant's recovery from her heart attack had been good. There is no other evidence relating to her heart condition.
 
 
 8
 In support of her claim for disability due to hypertension the following medical evidence was admitted into the record. On May 15, 1984, Dr. Strickland reported that appellant's blood pressure reading was 170-160/100-90 Dr. Strickland noted there was a rash on appellant's legs; as a result, he instructed appellant to stop taking a drug which had been previously prescribed and to elevate her legs two to three times a day for 30 minutes Appellant's blood pressure was 150-160/80 on July 20, 1984, and Dr. Strickland reported that appellant was normotensive.
 
 
 9
 Following a complete physical examination on August 9, 1984, Dr. Strickland did not mention appellant's hypertension. The next examination took place on August 28, 1984, where appellant's blood pressure reading was 160/90. Dr. Strickland opined that appellant's increased blood pressure was probably related to recent arguments between appellant and her mother-in-law. On February 8, 1985, appellant was treated for acute pharyngitis, but Dr. Strickland did not report on her blood pressure. When she was examined on February 20, 1985, appellant's blood pressure was 146/88 and Dr. Strickland noted in his records that her blood pressure was "okay." On March 12, 1985, her blood pressure was recorded as being 128/80. In a letter dated January 4, 1985, Dr. Strickland stated that appellant had "very unstable blood pressure in association with essential hypertension which had been difficult to control." However, on April 18, 1985, he stated there had been improvement in the control of her blood pressure.
 
 
 10
 Appellant also claims disability because of her lower back pain, resulting from a long history of back problems Her back pain dates back to 1970, and she experienced a flareup in November 1983 following her heart attack. In Dr. Strickland's opinion, an examination on February 9, 1984, revealed that appellant had arthritis in her left hip or ligamentous disease. He also noted that straight leg raising was limited to 75-80 degrees.
 
 
 11
 In April 1984, appellant was also examined by Dr. Stohler, an orthopaedist. Dr. Stohler reported that appellant had tenderness to palpation of the left lumbar spine at L4-Sl with tenderness to direct palpation at L4-L5 which was accentuated by hyperextension and lateral bending. Dr. Stohler opined that appellant had a herniated nucleus pulposus. However, in May 1984, Dr. Stohler opined that she had tendonitis due to painful hamstrings as well as left sciatica. Dr. Stohler had given appellant medication which produced an allergic reaction, later noted by Dr. Strickland, and instructed her to continue her walking program which she claims aggravated her condition. Accordingly, appellant did not return to see Dr. Stohler.
 
 
 12
 Appellant saw Dr Matthews on September 26, 1984, whom she was referred to because of her extra vertabrae and herniated nucleus pulposus. A CT scan confirmed a degenerative disc at L4-L5 with central protrusion slightly more to the left. Dr Matthews did not recommend surgery After appellant underwent physical therapy, home exercises and use of a TNS unit,she reported to Dr. Matthews that she experienced no back pain, but continued to have leg pain on October 31, 1984. On December 28, 1984, Dr. Matthews reported that appellant had back pain but it was not any worse. He also stated that in his opinion, appellant would not be able to work with her disc syndrome.
 
 
 13
 Dr. Strickland reported no complaints of back pain on February 26, 1985. However, appellant did complain of pain in her left leg. Dr. Strickland's clinical notes of March 12, 1985, made no mention of appellant's lower back or left leg pain. But in a letter dated April 18, 1985, Dr. Strickland noted appellant's back problem had become worse.
 
 
 14
 Appellant was referred to Memorial Hospital for physical therapy treatment for her back condition. Although the physical therapist reported that in his opinion appellant could not do sedentary work, as recently as March 23, 1985, he reported that claimant's back condition was improving and that she would probably be able to return to work in the future.
 
 II.
 
 15
 The only issue on appeal is whether there is substantial evidence to support the Secretary's decision to deny claimant's application for disability benefits. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." It is more than a scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is evident that the medical evidence is not sufficient to establish disability due to myocardial infarction or high blood pressure, and appellant does not pursue those claims in this court. Rather, appellant maintains that she is disabled because of her back impairment and resulting leg problem; which affect her functional capacity to work, and because she suffers from disabling pain.
 
 
 16
 In challenging the sufficiency of the evidence, appellant makes several points. Appellant claims that the ALJ erroneously overemphasized her failure to have a myelogram or other surgery. She asserts that a CT scan provided adequate diagnostics and that her doctor recommended that she not undergo surgery Although the ALJ mentioned the lack of further testing and the decision not to undergo surgery, it is our opinion that he did not place undue emphasis on these points. The ALJ considered this along with many other factors when reaching his decision.
 
 
 17
 Appellant next argues that the ALJ was mistaken when he stated that the appellant could sit for two hours after taking medication. Appellant is correct in stating that she never stated she could sit for two hours However, her testimony is susceptible to that interpretation She stated that she could sit for 45 minutes without medication and with medication she could sit a little longer. She then stated that the medication lasted two hours. Accordingly, we detect no error in this factual finding.
 
 
 18
 Appellant has not directed us to any other significant errors[1] and having reviewed the medical evidence and testimony of record, we find that the evidence is substantial enough to support the ALJ's conclusion that appellant's back problem does not limit her functional capacity to the extent that she is unable to return to her past relevant work.
 
 
 19
 Appellant's final argument is that the ALJ incorrectly analyzed her complaints of disabling pain. Appellant alleges that the ALJ placed too much emphasis on appellant's own credibility and failed to consider such things as clinical data and medical opinions. The two pronged test for reviewing claims of disabling pain is set forth in Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 853 (6th Cir. 1986):
 
 
 20
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then exam,ne: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 21
 The ALJ found appellant had status post myocardial infarction, a possible herniated or degenerated disc nucleus pulposus, and sciatic pain in her left leg. We conclude that the evidence establishes "an underlying medical condition," satisfying the first prong of the Duncan test. However,the second prong of the Duncan test is not satisfied. Although these conditions support a finding of pain, they do not necessarily support a finding of disabling pain. The medical opinions of record do not mandate such a conclusion. Although Dr. Matthews stated that the objective evidence verifies appellant's complaints of pain, Dr. Strickland made no such statement. We also find persuasive that the physical therapist stated appellant was improving with therapy. In addition, we note that as late as February 26, 1985, Dr. Strickland made no comment concerning appellant's back pain. Appellant's testimony concerning the significance of her back pain is not supported by the medical reports.
 
 
 22
 We find the ALJ's credibility finding on this issue to be supported by substantial evidence. The ALJ specifically stated he considered the entire record in making this determination, including the medical evidence. Although the ALJ noted that appellant sat through the one-hour hearing with no outward signs of pain, this was only one of the many factors he considered. It is our opinion that the ALJ was correct when he found that appellant's allegations of extreme pain were inconsistent with the objective record and were not credible. These findings are supported by substantial evidence and therefore, the first alternative of the second part of the Duncan test is not satisfied. The second alternative is also not satisfied because there is substantial evidence to support a finding that appellant's medical conditions are not so severe that they reasonably could be expected to produce disabling pain.
 
 
 23
 Having found that there is substantial evidence to support the Secretary's decision that appellant is capable of performing her past work, we accordingly AFFIRM the judgment of the district court.
 
 
 
 [1]
 Appellant also makes arguments concerning her ability to lift a cast iron skillet, the nature of the TNS unit and her capacity for physical activity. We find these arguments to be without merit